UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RACHEL H. SHIPMAN,

      Plaintiff,                                    CASE NO.:

v.

CP SANIBEL, LLC d/b/a
SANIBEL HARBOUR MARRIOTT
RESORT & SPA,

      Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

     Defendant, CP Sanibel, LLC d/b/a Sanibel Harbour Marriott Resort & Spa ("**CP Sanibel**"), by and through undersigned counsel, hereby removes this action, which is currently pending in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, Case Number 17-CA-3806, to the United States District Court for the Middle District of Florida, Fort Myers Division.  In support of this Notice of Removal, CP Sanibel states the following:

## THE REMOVED CASE

     1.     The removed case is a civil action filed on, in the Twentieth Judicial Circuit, in and for Lee County, Florida, and captioned *Rachel H. Shipman v. CP Sanibel, LLC d/b/a Sanibel Harbour Marriott Resort & Spa*, Case Number 17-CA-3806.

     2.     This personal injury action arises out of an injury allegedly sustained by Plaintiff while on CP Sanibel's premises as a result of a slip and fall.

## PAPERS FROM REMOVED ACTION

3.      Pursuant to 28 U.S.C. §1446(a), CP Sanibel attaches to this Notice of Removal a copy of all pleadings, orders and other papers or exhibits of every kind currently on file in the state court action.  *See* composite Exhibit "**A**," attached hereto.

## THE REMOVAL IS TIMELY

4.      Plaintiff filed this action in the aforementioned state court on November 21, 2017. CP Sanibel was served with the Complaint on December 5, 2017.  On December 19, 2017, the Complaint was amended to name the correct defendant.  However, it was not clear from the face of the Amended Complaint whether removal was appropriate.  Accordingly, on January 8, 2018, with its Answer and Affirmative Defenses, CP Sanibel propounded discovery, including Requests for Admission, Interrogatories and Requests for Production, on Plaintiff directed towards the amount in controversy and Plaintiff's citizenship ("**Removal Discovery**").  Copies of CP Sanibel's Removal Discovery are attached hereto as Composite Exhibit "**B**."

5.      On February 1, 2018, Plaintiff filed her responses to the Removal Discovery, in which Plaintiff admitted that the amount in controversy exceeds $75,000, she is a Florida citizen and not a citizen of Delaware, thus establishing a basis for removal.  Copies of Plaintiff's responses to the Removal Disocvery are attached hereto as Composite Exhibit "**C**."  *See Bonnell v. Seaboard Airline Railroad Co.*, 202 F.Supp 53 (N.D. Fla. 1962).  *See Raleigh v. Toyota Motor Sales, USA, Inc.*, 2011 WL 5585596, at *1 (M.D. Fla. Nov. 16, 2011) (holding "[t]hat so long as the Defendants removed the case within 30 days of receiving her response to their requests for admissions…the removal was timely").  Accordingly, this Notice of Removal is timely filed under 28 U.S.C. §1446(b).

2

**VENUE IS PROPER**

6.      Venue is proper in the Fort Myers Division of this Court because this action is being removed from the Twentieth Judicial Circuit, in and for Lee County, Florida, and the acts complained of in Plaintiff's Complaint are alleged to have occurred in Lee County, Florida.

**DIVERSITY OF CITENSHIP EXISTS BETWEEN THE PARTIES**

7.      This civil action falls under this Court's original jurisdiction under 28 U.S.C. §1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

8.      Plaintiff is a Florida citizen.  In Plaintiff's Response to Defendant's First Requests for Admission, Plaintiff admitted that she is a citizen of Florida.  *See* Request 2 of Plaintiff's Responses to Defendant's First Requests for Admission.

9.      For purposes of establishing diversity of citizenship, the citizenship of a limited liability company is determined by the citizenship of its members.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

10.      CP Sanibel is a foreign limited liability company organized in Delaware with its principal office in Kentucky.  *See* corporate filings attached hereto as Composite Exhibit "**D**."

11.      CP Sanibel's sole member is Columbia Sussex Corporation ("**CSC**").  CSC is a Kentucky corporation, with its principal place of business in Kentucky.  *See Id*.

12.      Thus, based on Plaintiff's Florida citizenship and CP Sanibel's sole member's Kentucky citizenship, diversity of citizenship exists.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

13.      "Where a plaintiff has not pled a specific amount of damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence."  *Black v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 4340281 at *1 (S.D. Fla. Oct. 22, 2010) *citing Williams*

*v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir.2001).  One such manner to establish the amount

in controversy is based on a plaintiff's pre-suit demand.  *See Golden v. Dodge-Markham Co., Inc.*,

1 F.Supp.2d 1360 (M.D. Fla. 1998) (a demand by the plaintiff can be used to determine if a case

is removable).  *See also Short v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 5550789 (M.D. Fla.

Sept. 25, 2013) (stating that settlement demand letters that ask for damages exceeding $75,000 are

evidence that may be submitted by the removing party to be considered by courts for purposes of

determining whether diversity jurisdiction exists) (internal citations omitted).

14.     Plaintiff seeks compensatory damages for alleged injuries arising from the slip and

fall on or about June 22, 2016.  On August 30, 2017, Plaintiff provided a pre-suit demand, seeking

$450,000.  Plaintiff's demand included a thorough summary of Plaintiff's injuries and subsequent

treatment.  The demand also attached medical records and invoices for medical care exceeding

$76,000.  A copy of the Plaintiff's pre-suit demand, absent voluminous medical records and bills

attached thereto, is attached hereto as Exhibit "**E**."[1]

15.     Plaintiff's pre-suit demand in excess of the jurisdictional amount in controversy is

not mere posturing or puffery.  Rather, the demand is supported by medical records and bills.

These facts support a determination that the amount in controversy in this case exceeds $75,000.

*See Scott v. Home Depot USA, Inc.*, 2012 WL 86986 (S.D. Fla. Jan. 21, 2012) (finding amount in

controversy exceeded $75,000 where plaintiff's demand showed medical bills of $38,000); *Katz

v. J.C. Penney Corp., Inc.*, 2009 WL 1532129 (S.D. Fla. June 1, 2009) (finding pain and suffering

damages along with alleged medical expenses of approximately $58,000 sufficient to find an

amount in controversy in excess of the jurisdictional amount); and *LaRocca v. Stahlheber*, 676

F.Supp.2d 1347 (S.D. Fla. 2009) (finding the amount in controversy exceeded jurisdictional

---

[1] The medical records and invoices attached to Plaintiff's demand will be provided to this Court upon request.

amount when the total medical expenses claimed were $6,000 and future medical claimed $2,000 per year).

16.     Further, in her responses to the Removal Discovery, Plaintiff admits that the amount in controversy exceeds $75,000.  *See* Request 1 to Plaintiff's Responses to Defendant's First Requests for Admission.

17.     Thus, the state court action may be removed to this Court by CP Sanibel in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States Court for the Middle District of Florida; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## FILING OF REMOVAL PAPERS

18.     Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action will be promptly served to Plaintiff's counsel.

19.     Concurrent with the filing of this Notice of Removal, CP Sanibel has filed a Notice of Filing Notice of Removal, including a true and correct copy of the Notice of Removal, with the Clerk of the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida.  *See* Exhibit "**F**," attached hereto.

20.     The undersigned counsel is authorized by CP Sanibel to file this Notice of Removal, is licensed in the State of Florida and is a member in good standing of the Bar of this Court.

**WHEREFORE**, Defendant, CP Sanibel, LLC, hereby removes the above-captioned action from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

Dated this 1st day of March, 2018.

/s/ Douglas J. Collins
BRADLEY S. BELL, ESQ.
Florida Bar No.: 184306
DOUGLAS J. COLLINS, ESQ.
Florida Bar No.: 25838
**BELL LAW GROUP, P.A.**
407 N. Howard Ave.
Suite 201
Tampa, FL 33606
Telephone: (813) 867-4522
Facsimile: (813) 867-4542
bbell@bbellpa.com
dcollins@bbellpa.com
Attorneys for Defendant,
CP Sanibel, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I filed the foregoing document with the Clerk of the Court using the CM/ECF system and a true and correct copy was served by CM/ECF to: Christopher J. Smith, Esq. (CJS@gbclaw.com), Goldstein, Buckley, Cechman, Rice & Purtz, P.A., PO Box 2366, Fort Myers, Florida 33902, this 1st day of March, 2018.

/s/ Douglas J. Collins
BRADLEY S. BELL, ESQ.
Florida Bar No.: 184306
DOUGLAS J. COLLINS, ESQ.
Florida Bar No.: 25838
**BELL LAW GROUP, P.A.**
407 N. Howard Ave.
Suite 201
Tampa, FL 33606
Telephone: (813) 867-4522
Facsimile: (813) 867-4542
bbell@bbellpa.com
dcollins@bbellpa.com
Attorneys for Defendant,
CP Sanibel, LLC