

**COMPREHENSIVE CASE INFORMATION SYSTEM**

Linda Doggett, Clerk of the Circuit Court & Comptroller

LEE COUNTY     CCIS

eportaluser

Expand All

| Case Number | Filed Date | County | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|---|
| 362017CA003806A001CH [17-CA-003806] | 11/21/2017 | LEE | | Filed | No | No |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| MCHUGH, MICHAEL T | JUDGE | | |
| COLLINS, DOUGLAS JAMES | ATTORNEY | | |
| SMITH, CHRISTOPHER JOSEPH | ATTORNEY | | |
| SHIPMAN, RACHEL H | PLAINTIFF | SMITH, CHRISTOPHER JOSEPH | 46260 |
| COLUMBIA SUSSEX CORPORATION | DEFENDANT | COLLINS, DOUGLAS JAMES | 25838 |
| CP SANIBEL LLC | DEFENDANT | COLLINS, DOUGLAS JAMES | 25838 |

**Dockets**

Page : 1       ALL ▾

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 25 | 02/13/2018 | Notice of Production from Non-Party | 2 |
| | 24 | 02/06/2018 | Request for Copiesand Notice of Non-Objection | 2 |
| | 23 | 02/01/2018 | Notice of Service of Answers to Interrogatories | 1 |
| | 22 | 02/01/2018 | Response to Request For Production | 2 |
| | 21 | 02/01/2018 | Response to Request for Admissions | 1 |
| | 20 | 01/23/2018 | Designation of E-Mail Address | 1 |
| | 19 | 01/23/2018 | Reply | 1 |
| | 18 | 01/19/2018 | Notice of Service of Answers to Interrogatories | 2 |
| | 17 | 01/19/2018 | Response to Request For Production | 5 |
| | 16 | 01/19/2018 | Response to Request for Admissions | 4 |
| | 15 | 01/10/2018 | Notice of Production from Non-Party | 2 |
| | 14 | 01/08/2018 | Answer and Affirmative Defenses | 4 |
| | 13 | 01/08/2018 | Notice of Service of Interrogatories | 2 |
| | 12 | 01/08/2018 | Request for Production | 5 |
| | 11 | 01/08/2018 | Request for Admissions | 2 |
| | 10 | 12/27/2017 | Notice of Appearance | 2 |
| | 9 | 12/19/2017 | Amended Complaint | 4 |
| | 8 | 12/12/2017 | Return of Service on Summons Servedw/Noticeof Filing | 2 |
| | 7 | 12/01/2017 | Standing Order in Civil Cases | 2 |
| | 6 | 11/29/2017 | Complaint | 3 |
| | 5 | 11/21/2017 | Notice of Service of Interrogatories | 1 |
| | 4 | 11/21/2017 | Request for Production | 4 |
| | 3 | 11/21/2017 | Request for Admissions | 3 |
| | 2 | 11/21/2017 | Summons Submitted for Issuance - New CaseIssued | 2 |
| | 1 | 11/21/2017 | Civil Cover Sheet | 2 |

**Judge Assignment History**

| Assigned Date | Withdraw Date | Judicial Officer | Type |
|---|---|---|---|
| 02/14/2018 | - | McHugh, Michael T | Judge |
| 11/21/2017 | 02/14/2018 | Rosman, Jay B | Judge |

**Court Events**

| Event Date | Judge | Docket Type | Location | Prosecutor | Defendant Attorney |
|---|---|---|---|---|---|
| No records found. | | | | | |

**Financial Summary**

| Financial Summary | | | |
|---|---|---|---|
| Assessment | Total: $410.00 | Paid to Date: $410.00 | Balance Due: $0.00 |
| Restitution | Total: $0.00 | Paid to Date: $0.00 | Balance Due: $0.00 |

| Financial Details | | | | | |
|---|---|---|---|---|---|
| Count | Assessment Due | Assessment Paid to Date | Restitution Due | Restitution Paid to Date | Last Payment Date |
| 0 | $410.00 | $410.00 | $0.00 | $0.00 | - |

**Reopen History**

| Reopen Date | Reopen Close Date | Reopen Reason |
|---|---|---|
| No records found. | | |

# Exhibit A

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>TWENTIETH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>LEE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>RACHEL H. SHIPMAN</u>
Plaintiff
vs.
<u>COLUMBIA SUSSEX CORP d/b/a SANIBEL HARBOUR MARRIOT</u>
Defendant

---

### II.    TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☒ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.    **REMEDIES SOUGHT** (check all that apply):
        ☒   Monetary;
        ☐   Non-monetary declaratory or injunctive relief;
        ☐   Punitive

IV.    **NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

    <u>1</u>

V.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐   Yes
        ☒   No

VI.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒   No
        ☐   Yes – If "yes" list all related cases by name, case number and court:

    <u>none</u>

VII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒   Yes
        ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Christopher Joseph Smith</u>    FL Bar No.: <u>46260</u>
        Attorney or party                              (Bar number, if attorney)

<u>Christopher Joseph Smith</u>    <u>11/21/2017</u>
        (Type or print name)                         Date

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

RACHEL H. SHIPMAN,

    Plaintiff,

v.                                                        CASE NO.  17-CA-003806

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

    Defendant.

_____/

## SUMMONS
### SERVICE ON A CORPORATION

TO:    COLUMBIA SUSSEX CORPORATION
       d/b/a SANIBEL HARBOUR MARRIOTT
       RESORT & SPA CAPTIVA TOWER
       C/O CORPORATION SERVICE COMPANY
       1201 HAYS STREET
       TALLAHASSEE, FL  32301

# IMPORTANT

    A lawsuit has been filed against you.  You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court.  A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.   If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to CHRISTOPHER J. SMITH, ESQUIRE, of GOLDSTEIN, BUCKLEY, CECHMAN, RICE & PURTZ, P.A. whose address is P. O. BOX 2366 FORT MYERS, FL  33902-2366, the "Plaintiff's Attorney".

    To Each Sheriff of the State:  YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint in this action on Defendant.

DATED on ___12/01/2017___, 2017.

                Linda Doggett
                as Clerk of said Court

                By:_____  
                      as Deputy Clerk

<u>IMPORTANTE</u>

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunto, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatament.  Si so conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desa responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a al persona denominada abajo como "Plaintiff/Plaintiff's Attorney"  (Demandate o Abogado del Demanadante).

<u>IMPORTANT</u>

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour desposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coupe de telephone est insuffisant pour vous proteger; vous etes oblige de desposer votre reponse crite, avec mention du numero de dossier ci-dessus et du nam des parties nommees isi, si vous souhaitez que le Tribunal entede votre cause.  Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de Tribunal.  Il y a d'autres obligations juridiques et vous pouvez reqerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous fauda egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney"  (Plaignant ou a son avocat) nomme cidessous.

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

RACHEL H. SHIPMAN,

      Plaintiff,

v.                                      CASE NO.

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

      Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

Plaintiff, RACHEL H. SHIPMAN, by and through the undersigned attorney propounds the following Request for Admissions to the Defendant, pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, requiring the Defendant to admit or deny, in writing and under oath within forty-five (45) days from date of service hereof, the following:

1.   The Defendant admits ownership of the premises located at the Captiva Tower at 17260 Harbour Pointe Drive, Lee County, Florida, on or about June 22, 2016.

2.   The Defendant admits possession of the premises located at the Captiva Tower at 17260 Harbour Pointe Drive, Lee County, Florida, on or about June 22, 2016.

3.   The Defendant admits control of the tile floor under the recessed area of the pool deck of the premises located at the Captiva Tower at 17260 Harbour Pointe Drive, Lee County, Florida, on or about June 22, 2016.

4.   Defendant admits responsibility for maintenance of the tile floor under the recessed area of the pool deck of the premises located at the Captiva Tower at 17260 Harbour Pointe Drive, Lee County, Florida, on or about June 22, 2016.

5.   The Defendant admits responsibility for inspection of the tile floor under the recessed area of the pool deck of the premises on or about June 22, 2016.

6.   The Defendant admits that Plaintiff sustained an injury from a slip and fall incident on their premises located at the Captiva Tower at 17260 Harbour Pointe Drive, Lee County, Florida, on or about June 22, 2016.

7.   The Defendant admits that Plaintiff was a business invitee upon the premises located at the Captiva Tower at 17260 Harbour Pointe Drive, Lee County, Florida on or about June 22, 2016.

8.   Admit that prior to the fall occurring, one of Defendant's employees knew that there was water on the floor.

9.   The Defendant admits that at the time of Plaintiff's slip and fall, there were no "Slippery when wet" or other warning signs in the area Plaintiff fell.

10. The Defendant admits that Plaintiff was a business invitee upon the premises at the time of the incident.

11. Defendant admits that Defendant created an incident report for the incident that is the subject of this lawsuit.

12. Defendant admits that Defendant creates incident reports, such as the report created in the present matter, for every purported slip and fall incident as a matter of store policy.

13. Defendant admits that there is a photograph/photographs depicting the scene of the subject incident as it existed at or about the time of the subject incident.

14. Defendant admits that photographs, such as the photograph(s) that captured the incident that is the subject of this lawsuit, are taken as a matter of store policy after every purported slip and fall.

15. Defendant admits that there is a video of the incident that is the subject of this lawsuit.

16. Defendant admits that videos, such as the video that captured the incident that is the subject of this lawsuit, is recorded and kept as a matter of store policy.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been personally served on the Defendant, along with the Summons and Complaint.

GOLDSTEIN, BUCKLEY, CECHMAN,
RICE & PURTZ, P.A.
Attorneys for Plaintiff
Post Office Box 2366
Fort Myers, Florida 33902-2366
(239) 334-1146

By: */s/ Christopher J. Smith*
    CHRISTOPHER J. SMITH
    Florida Bar No. 0046260

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

RACHEL H. SHIPMAN,

      Plaintiff,

v.                                                CASE NO.

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

      Defendant.

_____/

## **PLAINTIFF'S REQUEST TO PRODUCE**

Plaintiff, RACHEL H. SHIPMAN, by and through the undersigned attorneys and pursuant to Rule 1.350, Florida Rules of Civil Procedure, requests the Defendant, to produce for inspection and/or copying at, GOLDSTEIN, BUCKLEY, CECHMAN, RICE & PURTZ, P.A., 1515 Broadway, Fort Myers, Florida 33901, within forty-five (45) days from the date of service hereof, the following:

1.      Any photographs, videos, and/or films concerning the issues of liability or damages in the subject action.

2.      A copy of all statement obtained from Plaintiff concerning the issues raised in Plaintiff's Complaint.

3.      A copy of all statement obtained from any other witness with knowledge of the issues raised in Plaintiff's Complaint.

4.      A copy of all incident and/or accident reports relevant to Plaintiff's alleged slip and fall that is the subject of this lawsuit.

5.      A copy of all incident and/or accident reports regarding slips and/or falls on the tile floor under the recessed area of the pool deck on Defendant's subject property from 2011 to the date of the subject alleged incident.

6.      A copy of all incident and/or accident reports regarding slips and/or falls on the tile floor under the recessed area of the pool deck on Defendant's subject property from the date of the subject alleged incident to present.

7.      Copies of all letters, notices, reports, or complaints regarding slips and/or falls on the tile floor under the recessed area of the pool deck on Defendant's subject property from 2011 to the date of the subject alleged incident.

8.      Copies of all letters, notices, reports, or complaints regarding slips and/or falls on the tile floor under the recessed area of the pool deck on Defendant's subject property from the date of the subject alleged incident to present.

9.      Copies of all correspondence from any attorneys regarding any slips and/or falls on the tile floor under the recessed area of the pool deck on Defendant's subject property from 2011 to the date of the subject alleged incident.

10.      Copies of all correspondence from any attorneys regarding any slips and/or falls on the tile floor under the recessed area of the pool deck on Defendant's subject property from the date of the subject alleged incident to present.

11.      Copies of all insurance policies in force on the date of Plaintiff's injuries.

12.      Copies of all surveillance videos of the Plaintiff.

13.      Copies of all leases concerning Defendant's premises which are the subject matter of this lawsuit in force on the date of Plaintiff's injury.

14.     Copies of all contracts Defendant may have with any other company or individual concerning the maintenance or cleaning of the tile floor under the recessed area of the pool deck on Defendant's premises which is the subject of this lawsuit in force on the date of Plaintiff's injury.

15.     Copies of all documents relevant to Defendant's and/or Defendant's agents' mode of operation or policy(ies) for dealing with inspection, cleaning, warning, and/or safety measures for transitory objects or substances located on the tile floor under the recessed area of the pool deck on Defendant's premises that are the subject of this lawsuit, in effect on the date of Plaintiff's injury.

16.     Copies of all documents relevant to Defendant's and/or Defendant's agents' mode of operation or policy(ies) for cleaning spills or water on the tile floor under the recessed area of the pool deck at the subject premises, in effect on the date of Plaintiff's injury.

17.     Copies of all documents relevant to Defendant's and/or Defendant's agents' mode of operation or policy(ies) for cleaning the tile floor under the recessed area of the pool deck at the subject premises, in effect on the date of Plaintiff's injury.

18.     Copies of all documents concerning any modifications, alterations, maintenance, testing or inspections performed on the tile floor under the recessed area of the pool deck on Defendant's subject property from the date of the subject alleged incident to present.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been personally served on the Defendant, along with the Summons and Complaint.

GOLDSTEIN, BUCKLEY, CECHMAN,
RICE & PURTZ, P.A.
Attorneys for Plaintiff
Post Office Box 2366
Fort Myers, Florida  33902-2366

(239) 334-1146

By: */s/ Christopher J. Smith*
    CHRISTOPHER J. SMITH
    Florida Bar No. 0046260

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

RACHEL H. SHIPMAN,

      Plaintiff,

v.                                  CASE NO.

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT

Plaintiff, RACHEL H. SHIPMAN, by and through the undersigned attorneys, advises that Interrogatories numbered one (1) through nineteen (19) directed to Defendant have been served with the Summons and Complaint.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been personally served on the Defendant, along with the Summons and Complaint.

                        GOLDSTEIN, BUCKLEY, CECHMAN,
                        RICE & PURTZ, P.A.
                        Attorneys for Plaintiff
                        Post Office Box 2366
                        Fort Myers, Florida  33902-2366
                        (239) 334-1146

                        By: */s/ Christopher J. Smith*
                           CHRISTOPHER J. SMITH
                           Florida Bar No. 0046260

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

RACHEL H. SHIPMAN,

     Plaintiff,

     v.                             CASE NO.

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

     Defendant.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

     Plaintiff, RACHEL H. SHIPMAN, by and through the undersigned attorneys, sues the Defendant, COLUMBIA SUSSEX CORPORATION D/B/A SANIBEL HARBOUR MARRIOTT RESORT & SPA CAPTIVA TOWER (hereinafter "CAPTIVA TOWER"), and alleges:

     1.     This is an action for damages that exceed $15,000, exclusive of costs and interest.

     2.     Defendant, CAPTIVA TOWER, is now, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of Kentucky and duly authorized and licensed to do business in the State of Florida.

     3.     At all times material to this cause of action, CAPTIVA TOWER, owned, operated, managed and/or controlled the Captiva Tower swimming pool and the surrounding tile located at 17260 Harbour Pointe Dr, Fort Myers, Lee County, Florida.

     4.     At all times material to this cause of action, Plaintiff, RACHEL H. SHIPMAN, was upon the premises as a guest and was therefore a business invitee.

     5.     On or about June 22, 2016, as Plaintiff, RACHEL H. SHIPMAN, was standing on the tile area in non-slip shoes near the couches under the recessed area of the pool deck, she slipped on

extremely slippery wet tile, causing Plaintiff to fall and sustain severe personal injuries as hereinafter described.

6.      The tile used in the area was not appropriate for use in the outside environment.

7.      The water on the inappropriate slippery tile floor created an extremely slippery and unreasonably dangerous condition.

8.      Defendant's employees knew that there was water on the floor at the time of the incident.

9.      Defendant's employees knew that the tile was inappropriate for use in the outside environment.

10.      At all times material to this cause of action Defendant, CAPTIVA TOWER, as owner, operator, and/or manager of said premises, had a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of invitees on the premises.

11.      Defendant, CAPTIVA TOWER, its agents, servants and/or employees, acted negligently by failing to exercise reasonable care by, among other things:

     a.  Creating the unreasonably dangerous condition;

     b.  Failing to provide a safe place for their invitees;

     c.  Carelessly and negligently permitting and allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;

     d.  Failing to inspect, discover and correct the aforementioned dangerous condition;

     e.  Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,

     f.  Failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against same.

12.     Defendant, CAPTIVA TOWER, knew, or in the exercise of reasonable care should have known, of the existence of the dangerous and hazardous condition as described above, and Defendant was negligent in not eliminating said dangerous condition.

13.     As a result, Plaintiff, RACHEL H. SHIPMAN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, exacerbation of a previously existing condition, loss of earnings, loss of the ability to earn money and numerous medical expenses. The losses are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, RACHEL H. SHIPMAN, sues the Defendant, CAPTIVA TOWER, for compensatory damages in an amount in excess of $15,000, exclusive of interest and costs, and demands a trial by jury of all issues triable as of right by a jury.

GOLDSTEIN, BUCKLEY, CECHMAN,
RICE & PURTZ, P.A.
Attorneys for Plaintiff
Post Office Box 2366
Fort Myers, Florida  33902-2366
(239) 334-1146

By: /s/ Christopher J. Smith
      CHRISTOPHER J. SMITH
      Florida Bar No. 0046260

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                                                    CIVIL ACTION

CASE NO: 17-CA-003806

SHIPMAN, RACHEL H
    Plaintiff

vs

COLUMBIA SUSSEX CORPORATION, dba SANIBEL HARBOUR MARRIOT RESORT &
SPA CAPTIVA TOWER
    Defendant

_____/

## STANDING ORDER IN CIVIL CASES IN THE TWENTIETH JUDICIAL CIRCUIT

      PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial
Administration 2.545, and Administrative Order 1.13 entered by the Chief Judge of this Circuit,
the parties are ordered to adhere to the following information and procedures applicable to civil
lawsuits:

      1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this order
with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of
the Circuit Court with proof of service. The Plaintiff shall pay the appropriate statutory clerk's
fees on copies for each Standing Order issued and attached to the Summons.

      2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has
established guidelines for the prompt processing and resolution of civil cases. This Court has
adopted a case management system to help meet those guidelines. In contested cases (other than
foreclosures, involuntary commitment of sexually violent predators and eminent domain cases),
the parties are required to participate in the case management system. The case management
system requires early consultation and cooperation among the parties for the preparation and
submission of an Agreed Case Management Plan, early interaction with a Civil Case Manager
and early involvement by the Court. The Agreed Case Management Plan requires the parties to
identify a case track, confer in a good faith attempt to narrow the matters in controversy, identify
the issues that require direct involvement by the Court, and establish a schedule for addressing
those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at:
[http://www.ca.cjis20.org/web/main/civil.asp].

      Unless all of the Defendants have been served and have defaulted, an Agreed Case
Management Plan will be submitted to the Civil Case Manager, at the Lee County Justice Center,
1700 Monroe Street, Fort Myers, FL 33901, on or before 150 days from the date of filing of the
initial complaint. If the parties are unable to agree on an Agreed Case Management Plan, a case
management conference will be scheduled by the Court. If a case management conference is
scheduled, attendance by trial counsel and those parties who are not represented by counsel is
mandatory.

---

[1] Case Track options include Expedited, Standard or Complex. Case Tracks have been established in order to
comply with the case disposition standards set forth in Florida Rule of Judicial Administration 2.250(a)(1)(B).

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties.

4. **RULES OF PROFESSIONALISM.** The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel or pro-se litigants practicing within the Circuit. The Court requires that all familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: http://www.ca.cjis20.org/web/main/ao_admin.asp

5. **CONTACT INFORMATION.** Attorneys and pro se parties are required to keep the court apprised of their current address, telephone numbers and email address. This information is also required to be included in all pleadings filed in your case.

DONE AND ORDERED in Chambers at Fort Myers, Lee County, Florida.

*Alane C. Laboda (electronically signed)*
**Administrative Circuit Judge**

**\*\*\*\*\*Original on file in the office of the Circuit Court Administrative Judge, Lee County**

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

RACHEL H. SHIPMAN,

      Plaintiff,

v.                                                                        CASE NO. 17-CA-003806

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

      Defendant.

_____/

### NOTICE OF FILING

      COMES NOW Plaintiff, RACHEL H. SHIPMAN, by and through the undersigned attorney, and

hereby files the following documents in the above captioned case:

      1.     Return of Service on Defendant, COLUMBIA SUSSEX CORPORATION d/b/a SANIBEL
HARBOUR MARRIOTT RESORT & SPA CAPTIVA TOWER, served by Kieran Easton on December 5,
2017.

      DATED this ____12th____ day of December, 2017.

                             GOLDSTEIN, BUCKLEY, CECHMAN,
                             RICE & PURTZ, P.A.
                             Attorneys for Plaintiff
                             Post Office Box 2366
                             Fort Myers, Florida 33902-2366
                             (239) 334-1146 (Telephone)
                             (239) 334-3039 (Facsimile)

                             By: _____
                                 Christopher J. Smith
                                 Florida Bar No. 46260

# VERIFIED RETURN OF SERVICE

Job # 4424

**Client Info:**

CHRISTOPHER J. SMITH
GOLDSTEIN, BUCKLEY, CECHMAN, RICE & PURTZ, P.A.
1515 Broadway
Fort Myers, FL  33901
Bar #0046260

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:**<br>RACHEL H. SHIPMAN<br>-versus-<br>**DEFENDANT:**<br>COLUMBIA SUSEX CORPORATION D/B/A SANIBEL HARBOUR<br>MARRIOTT RESORT & SPA CAPTIVA TOWER | CIRCUIT COURT<br><br>County of Lee, Florida<br>Court Case # **17-CA-003806** |

**Service Info:**

**Date Received: 12/5/2017 at 09:24 AM**
Service: I Served **COLUMBIA SUSEX CORPORATION D/B/A SANIBEL HARBOUR MARRIOTT RESORT & SPA CAPTIVA TOWER c/o Corporation Service Company**
With: **SUMMONS, STANDING ORDER, COMPLAINT AND DEMAND FOR JURY TRIAL, PLAINTIFFS NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, PLAINTIFFS REQUEST FOR ADMISSIONS TO DEFENDANT, PLAINTIFFS REQUEST TO PRODUCE**
by leaving with **GWEN BUTLER, AUTHORIZED TO ACCEPT FOR R.A. COMPANY**

At Business **1201 HAYS STREET TALLAHASSEE, FL 32301**
On **12/5/2017 at 03:45 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **KIERAN EASTON** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Server: _____
**KIERAN EASTON**
256

**ACCURATE SERVE OF FT. MEYERS**
4600 Summerlin Road, Suite C-2-411
Fort Myers, FL 33919

Client # 4122





IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

RACHEL H. SHIPMAN,

      Plaintiff,

vs.                              CASE NO. 17-CA-003806

CP SANIBEL, LLC D/B/A SANIBEL
HARBOUR MARRIOTT RESORT & SPA,

      Defendant.

_____/

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

      Plaintiff, RACHEL H. SHIPMAN, by and through the undersigned attorneys, sues the Defendant, CP SANIBEL, LLC D/B/A SANIBEL HARBOUR MARRIOTT RESORT & SPA (hereinafter "SANIBEL HARBOUR"), and alleges:

      1.      This is an action for damages that exceed $15,000, exclusive of costs and interest.

      2.      Defendant, SANIBEL HARBOUR, is now, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of Delaware and duly authorized and licensed to do business in the State of Florida.

      3.      At all times material to this cause of action, SANIBEL HARBOUR, owned, operated, managed and/or controlled the SANIBEL HARBOUR swimming pool and the surrounding tile located at 17260 Harbour Pointe Dr, Fort Myers, Lee County, Florida, referred to as the "Captiva Tower".

      4.      At all times material to this cause of action, Plaintiff, RACHEL H. SHIPMAN, was upon the premises as a guest and was therefore a business invitee.

5.      On or about June 22, 2016, as Plaintiff, RACHEL H. SHIPMAN, was standing on the tile area in non-slip shoes near the couches under the recessed area of the pool deck, she slipped on extremely slippery wet tile, causing Plaintiff to fall and sustain severe personal injuries as hereinafter described.

6.      The tile used in the area was not appropriate for use in the outside environment.

7.      The water on the inappropriate slippery tile floor created an extremely slippery and unreasonably dangerous condition.

8.      Defendant's employees knew that there was water on the floor at the time of the incident.

9.      Defendant's employees knew that the tile was inappropriate for use in the outside environment.

10.     At all times material to this cause of action Defendant, SANIBEL HARBOUR, as owner, operator, and/or manager of said premises, had a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of invitees on the premises.

11.     Defendant, SANIBEL HARBOUR, its agents, servants and/or employees, acted negligently by failing to exercise reasonable care by, among other things:

    a.   Creating the unreasonably dangerous condition;

    b.   Failing to provide a safe place for their invitees;

    c.   Carelessly and negligently permitting and allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;

    d.   Failing to inspect, discover and correct the aforementioned dangerous condition;

    e.   Carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition; and,

       f.    Failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against same.

12.    Defendant, SANIBEL HARBOUR, knew, or in the exercise of reasonable care should have known, of the existence of the dangerous and hazardous condition as described above, and Defendant was negligent in not eliminating said dangerous condition.

13.    As a result, Plaintiff, RACHEL H. SHIPMAN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, exacerbation of a previously existing condition, loss of earnings, loss of the ability to earn money and numerous medical expenses. The losses are permanent and continuing in nature and the Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff, RACHEL H. SHIPMAN, sues the Defendant, SANIBEL HARBOUR, for compensatory damages in an amount in excess of $15,000, exclusive of interest and costs, and demands a trial by jury of all issues triable as of right by a jury.

GOLDSTEIN, BUCKLEY, CECHMAN,
RICE & PURTZ, P.A.
Attorneys for Plaintiff
Post Office Box 2366
Fort Myers, Florida  33902-2366
(239) 334-1146

By: */s/ Christopher J. Smith*
    CHRISTOPHER J. SMITH
    Florida Bar No. 0046260

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail to: Douglas Collins, Esquire, Bell Law Group, PA, 407 North Howard Avenue, Suite 201, Tampa, FL 33606 at dcollins@bbellpa.com; jgarcia@bbellpa.com; on this 19th day of December, 2017.

GOLDSTEIN, BUCKLEY, CECHMAN,
RICE & PURTZ, P.A.
Attorneys for Plaintiff
Post Office Box 2366
Fort Myers, Florida  33902-2366
(239) 334-1146

By: */s/ Christopher J. Smith*
    CHRISTOPHER J. SMITH
    Florida Bar No. 0046260

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

RACHEL H. SHIPMAN,

     Plaintiff,                          CASE NO.:   17-CA-003806

v.

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

     Defendant.
_____/

## NOTICE OF APPEARANCE ON BEHALF OF DEFENDANT, COLUMBIA SUSSEX CORPORATION d/b/a SANIBEL HARBOUR MARRIOTT RESORT & SPA CAPTIVA TOWER AND DESIGNATION OF EMAIL ADDRESSES

PLEASE TAKE NOTICE that Bradley S. Bell, Esq., Douglas J. Collins, Esq. and Michael T. Relihan, Esq., of the Bell Law Group, P.A., hereby appear as counsel of record for Defendant, COLUMBIA SUSSEX CORPORATION d/b/a SANIBEL HARBOUR MARRIOTT RESORT & SPA CAPTIVA TOWER. The undersigned requests that he be furnished copies of all pleadings, notices and other documents filed in this cause.

Defendants, in compliance with Rule 2.516, Florida Rules of Judicial Administration, and Florida Supreme Court Decision 10-2101, hereby designate the following email addresses for the purpose of receiving pleadings, notices and other documents filed in this cause:

Primary Email Addresses:
bbell@bbellpa.com
dcollins@bbellpa.com
mrelihan@bbellpa.com

Secondary Email Address:
eservice@bbellpa.com
scordray@bbellpa.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the E-Portal system, which will send a notice of electronic filing to Christopher Smith, Esq. (csmith@gbclaw.com), Goldstein, Buckley, Cechman, Rice & Purt, PO Box 2366, Fort Myers, Fl. 33902-2366, on this 13th day of December 2017.

<u>Douglas J. Collins, Esq.</u>
**BRADLEY S. BELL, ESQ.**
Florida Bar No.: 184306
**DOUGLAS J. COLLINS, ESQ.**
Florida Bar No.: 25838
**MICHAEL T. RELIHAN, ESQ.**
Florida Bar No.: 0226053
**BELL LAW GROUP, P.A.**
407 N. Howard Ave.
Suite 201
Tampa, FL 33606
(813) 867-4522 (Telephone)
(813) 867-4542 (Facsimile)
bbell@bbellpa.com
dcollins@bbellpa.com
mrelihan@bbellpa.com
Attorneys for Defendants
Secondary email addresses:
eservice@bbellpa.com
scordray@bbellpa.com

2

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

RACHEL H. SHIPMAN,

      Plaintiff,

v.

CP SANIBEL, LLC d/b/a
SANIBEL HARBOUR MARRIOTT
RESORT & SPA,

      Defendant.

_____/

CASE NO.:   17-CA-003806

## **DEFENDANT'S FIRST REQUESTS FOR ADMISSION TO PLAINTIFF**

Defendant, CP Sanibel LLC d/b/a Sanibel Harbour Marriott Resort & Spa, by and through undersigned counsel, pursuant to Rule 1.370, Florida Rules of Civil Procedure, hereby serves these Requests for Admissions and requests that Plaintiff, Rachel H. Shipman, admit or deny the following:

1.      Plaintiff seeks damages in this matter in excess of $75,000.

2.      Plaintiff is a citizen of the State of Florida.

3.      Plaintiff is not a citizen of the State of Delaware.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the E-Portal system, which will send a notice of electronic filing to Christopher Smith, Esq. (csmith@gbclaw.com), Goldstein, Buckley, Cechman, Rice & Purt, PO Box 2366, Fort Myers, Fl. 33902-2366, on this 8th day of January, 2018.

/s/ Douglas J. Collins, Esq._____
**BRADLEY S. BELL, ESQ.**
Florida Bar No.: 184306
**DOUGLAS J. COLLINS, ESQ.**
Florida Bar No.: 25838
**MICHAEL T. RELIHAN, ESQ.**
Florida Bar No.: 0226053
**BELL LAW GROUP, P.A.**
407 N. Howard Ave.
Suite 201
Tampa, FL 33606
(813) 867-4522 (Telephone)
(813) 867-4542 (Facsimile)
bbell@bbellpa.com
dcollins@bbellpa.com
mrelihan@bbellpa.com
Attorneys for Defendants
Secondary email addresses:
eservice@bbellpa.com
scordray@bbellpa.com

2

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

RACHEL H. SHIPMAN,

       Plaintiff,                     CASE NO.:   17-CA-003806

v.

CP SANIBEL, LLC d/b/a
SANIBEL HARBOUR MARRIOTT
RESORT & SPA,

       Defendant.

_____/

## **DEFENDANT'S FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF**

      Defendant, CP Sanibel, LLC d/b/a Sanibel Harbour Marriott Resort & Spa, by and through

undersigned counsel, pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby requests

Plaintiff, Rachel H. Shipman, produce the following documents within thirty (30) days of service

at the offices of Bell Law Group, P.A., 407 North Howard Ave., Suite 201, Tampa, FL  33606, or

such other mutually agreeable location.

## **DEFINITIONS**

      A.     As used herein, the singular of any word or phrase includes the plural and the plural
includes the singular, the masculine of any word or phrase includes the feminine and the feminine
includes the masculine.

      B.     Documents produced in response to this Request shall be organized and labeled to
correspond with the categories of this Request.

      C.     If any documents covered by this Request are withheld under a claim of privilege,
state the basis on which the privilege is claimed, together with the following information as to each
such document: name and job title of the author, the name and job title of each recipient and person
to whom the document or a copy thereof was furnished; the date of the document; the subject
matter of the document; and the paragraph(s) of this Request to which the document is responsive.

      D.     Identify each document formerly in your possession, custody or control, which
would have been responsive to this Request, but which has been destroyed, discarded or otherwise
disposed of and identify the person destroying, discarding or otherwise disposing of such

documents, the time and place such disposition occurred, the person maintaining possession, custody or control of such document during its existence, and the person ordering or authorizing the disposition of such document.

     E.     If specific identification of documents is not possible, identify each category of documents which would have been destroyed, discarded or otherwise disposed of an identify the person destroying, discarding or otherwise disposing of f such documents, the time and place such disposition occurred, the person maintaining possession, custody or control of such document during its existence, and the person ordering or authorizing the disposition of such document.

     F.     **"Person"** includes natural persons, corporations and all other forms of organization or association as well as any government or governmental body, commission, board, agency, partnership joint venture, trust or other form of entity, and any officer, director, partner, employee, agent, personal representative or other person acting or purporting to act on her or its behalf.

     G.     **"Communications"** shall refer to and shall include, without limitation and in the singular as well as in the plural, all conversations, telephone conversations, statements, discussions, negotiations, debates, arguments, discourses, colloquies, interviews, consultations, and every other kind of written or oral utterance.

     H.     **"And"** or **"or"** shall include the conjunctive as well as the disjunctive.

     I.     **"Date"** refers to the day, month and year.

     J.     **"Plaintiff" "you"** or **"your"** refers to Rachel H. Shipman, and includes any of her agents, associates, attorneys' investigators, representatives and all others who have obtained information for or on her behalf.

     K.     **"Defendant"** refers to CP Sanibel, LLC d/b/a Sanibel Harbour Marriott Resort & Spa, and includes any of its employees, agents, trustees, independent contractors, servants, associates, attorneys' investigators, representatives and all others who have obtained information for or on its behalf.

     L.     **"Document"** shall mean any written, printed, typed or photographed material, or other demonstrative material, however produced or reproduced, of any kind or description, whether or not sent or received, including originals, copies and drafts and both sides thereof in your possession, custody or control, or of which you have knowledge. The term, includes, but is not limited to, originals when available or otherwise a carbon copy, photocopy or other copy, including each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise) of each item of papers, books, letters, correspondence, telegrams, computer programs, source codes, object codes, specifications, computer print-outs, data processing outputs, flow charts, program structure charts, bulletins, reports, notices, announcements, instructions, orders, confirmations, charts, manuals, photographs, sketches, plans, periodicals, publications, brochures, pamphlets, schedules, cables, telex messages, memoranda, notes, notations, accountants: working papers, financial statements, invoices, returns, accounts, ledgers, checks, check stubs, drafts, indexes, data sheet, commercial paper, wires,

transcripts, minutes, agendas, affidavits, statements, summaries, opinions, reports, surveys, studies, work papers, analysis, evaluations, printings, graphs, charts, tables, prospectuses, tabulations, compilations, lists, diagrams, contractors, offers, agreements, journals, statistical records, desk calendars, appointment books, diaries, studies, sound recordings, recording disks or other records of oral communications, films, microfilms, microfiche, slides, other records kept by electronic photographic or mechanical means, and things similar to any of the foregoing, and any other materials discoverable under Rule 1.350 Florida Rules of civil Procedure.  Moreover, the term "document" includes reports and records of telephonic or other meetings or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including, but not limited to correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, schedules, affidavits, contracts, transcripts, surveys, graphic representations of any kind, photographs, graphs, microfilm, videotapes, tape records, motion pictures or other films and other data compilations from which information can be obtained, translated if necessary, by the respondent through detection devices into reasonably usable form.

M.     Each original document is to be produced.  However, any copy of the document which varies in any way so that it is not identical to the one produced is to be considered as a separate document and must be produced.

N.     For each document produced, state the number of the Request and the response to which it is produced and the number of the Request pursuant to which it was identified.

## PRIVILEGES

Where any "**privilege**" (whether qualified or absolute) is claimed with respect to the existence and/or substance of any document and/or communication, please: (a) make the claim expressly; (b) state in detail the nature of the privilege claimed; (c) identify the person or persons associated with the privileged document or communication and (d) describe the nature of the document, communication or thing not produced or disclosed in a manner that, without revealing information itself privileged, will enable us to assess the applicability of the privilege.

3

## <u>REQUESTED DOCUMENTS</u>

1.     All documents that support your claim for damages in this matter.

2.     All documents evidencing any demands made by or on your behalf in this matter.

3.     All bills, invoices and/or charges of items of special damages claimed by you to be recoverable in this matter.

4.     All invoices, bills and statements of any doctor, physician or practitioner of the healing arts who has rendered treatment to the Plaintiff for injuries incurred as a result of the incident described in the Complaint.

5.     All documents identified in Plaintiff's answers to Defendants' First Interrogatories to Plaintiff.

6.     All documents reflecting your current state of residency.

7.     A copy of your driver's license or state-issued identification card.

**[REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the E-Portal system, which will send a notice of electronic filing to Christopher Smith, Esq. (csmith@gbclaw.com), Goldstein, Buckley, Cechman, Rice & Purt, PO Box 2366, Fort Myers, Fl. 33902-2366, on this 8th day of January, 2018.

/s/ Douglas J. Collins, Esq.____
**BRADLEY S. BELL, ESQ.**
Florida Bar No.: 184306
**DOUGLAS J. COLLINS, ESQ.**
Florida Bar No.: 25838
**MICHAEL T. RELIHAN, ESQ.**
Florida Bar No.: 0226053
**BELL LAW GROUP, P.A.**
407 N. Howard Ave.
Suite 201
Tampa, FL 33606
(813) 867-4522 (Telephone)
(813) 867-4542 (Facsimile)
bbell@bbellpa.com
dcollins@bbellpa.com
mrelihan@bbellpa.com
Attorneys for Defendants
Secondary email addresses:
eservice@bbellpa.com
scordray@bbellpa.com

5

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

RACHEL H. SHIPMAN,

      Plaintiff,                     CASE NO.:    17-CA-003806

v.

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

      Defendant.

_____/

## **DEFENDANT'S NOTICE OF SERVING**
## **FIRST INTERROGATORIES TO PLAINTIFF**

Defendant, Columbia Sussex Corporation d/b/a Sanibel Harbour Marriott Resort & Spa
Captiva Tower, by and through the undersigned counsel, pursuant to Rule 1.340, Florida Rules of
Civil Procedure, hereby gives notice of serving First Interrogatories upon the Plaintiff, Rachel H.
Shipman, answer the following interrogatories fully and separately in writing and under oath
within thirty (30) days of the date of service herein.

**[REMINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the E-Portal system, which will send a notice of electronic filing to Christopher Smith, Esq. (csmith@gbclaw.com), Goldstein, Buckley, Cechman, Rice & Purt, PO Box 2366, Fort Myers, Fl. 33902-2366, on this 8th day of January 2018.

Douglas J. Collins, Esq.
**BRADLEY S. BELL, ESQ.**
Florida Bar No.: 184306
**DOUGLAS J. COLLINS, ESQ.**
Florida Bar No.: 25838
**MICHAEL T. RELIHAN, ESQ.**
Florida Bar No.: 0226053
**BELL LAW GROUP, P.A.**
407 N. Howard Ave.
Suite 201
Tampa, FL 33606
(813) 867-4522 (Telephone)
(813) 867-4542 (Facsimile)
bbell@bbellpa.com
dcollins@bbellpa.com
mrelihan@bbellpa.com
Attorneys for Defendants
Secondary email addresses:
eservice@bbellpa.com
scordray@bbellpa.com

2

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

RACHEL H. SHIPMAN,

       Plaintiff,                   CASE NO.:   17-CA-003806

v.

CP SANIBEL, LLC d/b/a
SANIBEL HARBOUR MARRIOTT
RESORT & SPA,

       Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CP Sanibel, LLC d/b/a Sanibel Harbour Marriott Resort & Spa, by and through

undersigned counsel, hereby files its Answer and Affirmative Defenses in response to Plaintiff,

Rachel H. Shipman's, First Amended Complaint, and states as follows:

## ANSWER

1.     Without knowledge, therefore denied.

2.     Admitted.

3.     Admitted that Defendant owned the property at issue, otherwise denied.

4.     Without knowledge, therefore denied.

5.     Admitted that Plaintiff fell, otherwise denied.

6.     Denied.

7.     Denied.

8.     Denied.

9.     Denied.

10.    Admitted that Defendant owes invitees certain duties, otherwise denied.

11.     Denied, including all subparts.

12.     Denied.

13.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant affirmatively alleges that at the time and place of the incident described in Plaintiff's Amended Complaint, Plaintiff was herself guilty of negligence, which negligence was a contributing legal cause of the accident in question and therefore, Plaintiff's claim should be reduced according to the theory of comparative negligence.  More specifically, Plaintiff failed to observe appropriate warnings and failed to use reasonable caution.

### SECOND DEFENSE

Defendant affirmatively alleges that Plaintiff has received or has available collateral source benefits as defined by Florida Statutes and, therefore, Defendant is entitled to a set off for all such sums received.

### THIRD DEFENSE

Defendant was without actual or constructive knowledge of any dangerous condition in or around the area of the incident described in Plaintiff's Amended Complaint.  As a result, Defendant could not have reasonably taken any action to prevent the alleged incident.

### FOURTH DEFENSE

Plaintiff's alleged injuries arose prior to the incident described in the Complaint and are in no way related to the incident described in the Amended Complaint.

2

## FIFTH DEFENSE

Assuming *arguendo* that a dangerous condition existed, Plaintiff's Complaint is barred by the open and obvious condition doctrine.

## SIXTH DEFENSE

Plaintiff has failed to mitigate her damages. To the extent Plaintiff fails to comply with the mandate of the Patient Protection and Affordable Care Act to obtain health insurance, Plaintiff has failed to mitigate her damages and Plaintiff's recovery must be reduced by the amount attributable to such failure. Further, Plaintiff failed to mitigate her damages because the medical bills are not reasonable and/or necessary, the billing is excessive, the treatment and/or billing was not causally related to the accident and/or the medical providers have engaged in conduct (excessive billing or treatment) which was not reasonably foreseeable. If Plaintiff has health insurance under a letter of protection that is void against public policy, then Defendant is entitled to a write-down or set-off pursuant to Section 641.3154, Florida Statutes, and Marion v. Orlando, 2009 WL 7582985 (Fla. 5th DCA 2009). If Plaintiff is a Medicare/Medicaid beneficiary, then Defendant is entitled to a write-off or set-off under the appropriate fee schedule.

3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the E-Portal system, which will send a notice of electronic filing to Christopher Smith, Esq. (<u>csmith@gbclaw.com</u>), Goldstein, Buckley, Cechman, Rice & Purt, PO Box 2366, Fort Myers, Fl. 33902-2366, on this 8th day of January, 2018.

/s/ Douglas J. Collins, Esq._____
**BRADLEY S. BELL, ESQ.**
Florida Bar No.: 184306
**DOUGLAS J. COLLINS, ESQ.**
Florida Bar No.: 25838
**MICHAEL T. RELIHAN, ESQ.**
Florida Bar No.: 0226053
**BELL LAW GROUP, P.A.**
407 N. Howard Ave.
Suite 201
Tampa, FL 33606
(813) 867-4522 (Telephone)
(813) 867-4542 (Facsimile)
bbell@bbellpa.com
dcollins@bbellpa.com
mrelihan@bbellpa.com
Attorneys for Defendants
Secondary email addresses:
eservice@bbellpa.com
scordray@bbellpa.com

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

RACHEL H. SHIPMAN,

     Plaintiff,                     CASE NO.:   17-CA-003806

v.

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

     Defendant.
_____/

## **DEFENDANT'S FIRST NOTICE OF PRODUCTION FROM NON-PARTY**

     PLEASE TAKE NOTICE that after fifteen (15) days from the date of service of this notice, the undersigned will issue the attached Subpoena on behalf of the Clerk of this Court directed to the following person named below, said person not being a party to this action. Said person is requested to produce the items listed on the attached Subpoena at the time and place specified therein:

- Wal-Mart Pharmacy
- Walgreen's Pharmacy
- CVS Pharmacy
- Publix Pharmacy
- Lee County EMS
- Gulf Coast Medical Center
- Mount Sinai Medical Center
- Sheridan Medical Center
- North Beach Physical Therapy
- SW Florida Emergency Physicians
- Lee Memorial Hospital
- Lee Physicians Group
- RX Regional
- Medicare
- Kagan, Jugen and Associates
- Jerry Sher, MD
- George Diaz, MD
- Surgery Center of Aventura
- Sheridan Anesthesia
- Elite Home Care

- Elite Imaging
- Andrea Schein, MD
- Mount Sinai Physical therapy
- Bankers Life Insurance
- Miami Shores Village
- Aventura Yacht & Spa

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the E-Portal system, which will send a notice of electronic filing to Christopher Smith, Esq. (csmith@gbclaw.com), Goldstein, Buckley, Cechman, Rice & Purt, PO Box 2366, Fort Myers, Fl. 33902-2366, on this 10th day of January, 2018.

Douglas J. Collins, Esq.
**BRADLEY S. BELL, ESQ.**
Florida Bar No.: 184306
**DOUGLAS J. COLLINS, ESQ.**
Florida Bar No.: 25838
**MICHAEL T. RELIHAN, ESQ.**
Florida Bar No.: 0226053
**BELL LAW GROUP, P.A.**
407 N. Howard Ave.
Suite 201
Tampa, FL 33606
(813) 867-4522 (Telephone)
(813) 867-4542 (Facsimile)
bbell@bbellpa.com
dcollins@bbellpa.com
mrelihan@bbellpa.com
Attorneys for Defendants
Secondary email addresses:
eservice@bbellpa.com
scordray@bbellpa.com

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

RACHEL H. SHIPMAN,

      Plaintiff,                                  CASE NO.:   17-CA-003806

v.

CP SANIBEL, LLC d/b/a
SANIBEL HARBOUR MARRIOTT
RESORT & SPA,

      Defendant.

_____/

### DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Defendant, CP Sanibel, LLC d/b/a Sanibel Harbour Marriott Resort & Spa, by and through

undersigned counsel, pursuant to Rule 1.370, Florida Rules of Civil Procedure, hereby responds

to the Plaintiff, Rachel H. Shipman's, Requests for Admission, and states as follows:

1.      The Defendant admits ownership of the premises located at the Captiva Tower at

17260 Harbour Pointe Drive, Lee County, Florida, on or about June 22, 2016.

**ANSWER**:   Admitted.

2.      The Defendant admits possession of the premises located at the Captiva Tower at

17260 Harbour Pointe Drive, Lee County, Florida, on or about June 22, 2016.

**ANSWER**:   Objection, this request is vague as to the meaning of the term "possession."

Defendant can neither admit nor deny without further understanding of the term "possession."

3.      The Defendant admits control of the tile floor under the recessed area of the pool deck of the premises located at the Captiva Tower at 17260 Harbour Pointe Drive, Lee County, Florida, on or about June 22, 2016.

**ANSWER**:    Objection, this request is vague as to the meaning of the term "control." Defendant can neither admit nor deny without further understanding of the term "control."

4.      Defendant admits responsibility for maintenance of the tile floor under the recessed area of the pool deck of the premises located at the Captiva Tower at 17260 Harbour Pointe Drive, Lee County, Florida, on or about June 22, 2016.

**ANSWER**:    Denied.

5.      The Defendant admits responsibility for inspection of the tile floor under the recessed area of the pool deck of the premises on or about June 22,2016.

**ANSWER**:    Denied.

6.      The Defendant admits that Plaintiff sustained an injury from a slip and fall incident on their premises located at the Captiva Tower at I 7260 Harbour Pointe Drive, Lee County, Florida, on or about June 22, 2016.

**ANSWER**:    Denied.

7.      The Defendant admits that Plaintiff was a business invitee upon the premises located at the Captiva Tower at 17260 Harbour Pointe Drive, Lee County, Florida on or about June 22, 2016.

**ANSWER**:    Admitted.

8.      Admit that prior to the fall occurring, one of Defendant's employees knew that there was water on the floor.

**ANSWER**:    Denied.

2

9.     The Defendant admits that at the time of Plaintiff's slip and fall, there were no "Slippery when wet" or other warning signs in the area Plaintiff fell.

**ANSWER**:     Denied.

10.     The Defendant admits that Plaintiff was a business invitee upon the premises at the time of the incident.

**ANSWER**:     Admitted.

11.     Defendant admits that Defendant created an incident report for the incident that is the subject of this lawsuit.

**ANSWER**:     Admitted.

12.     Defendant admits that Defendant creates incident reports, such as the report created in the present matter, for every purported slip and fall incident as a matter of store [sic] policy.

**ANSWER**:     Admitted that incident reports are created for known slip and fall incidents in anticipation of litigation.

13.     Defendant admits that there is a photograph/photographs depicting the scene of the subject incident as it existed at or about the time of the subject incident.

**ANSWER**:     Admitted.

14.     Defendant admits that photographs, such as the photograph(s) that captured the incident that is the subject of this lawsuit, are taken as a matter of store [sic] policy after every purported slip and fall.

**ANSWER**:     Admitted that photographs are taken, when possible, following known slip and fall incidents in anticipation of litigation.

15.     Defendant admits that there is a video of the incident that is the subject of this lawsuit.

**ANSWER**:     Denied.

16.     Defendant admits that videos, such as the video that captured the incident that is the subject of this lawsuit, is recorded and kept as a matter of store [sic] policy.

**ANSWER**:     Admitted that if video surveillance of an incident exists, it is maintained in the anticipation of litigation.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the E-Portal system, which will send a notice of electronic filing to Christopher Smith, Esq. (csmith@gbclaw.com), Goldstein, Buckley, Cechman, Rice & Purt, PO Box 2366, Fort Myers, Fl. 33902-2366, on this 19th day of January, 2018.

Douglas J. Collins, Esq.
**BRADLEY S. BELL, ESQ.**
Florida Bar No.: 184306
**DOUGLAS J. COLLINS, ESQ.**
Florida Bar No.: 25838
**MICHAEL T. RELIHAN, ESQ.**
Florida Bar No.: 0226053
**BELL LAW GROUP, P.A.**
407 N. Howard Ave.
Suite 201
Tampa, FL 33606
(813) 867-4522 (Telephone)
(813) 867-4542 (Facsimile)
bbell@bbellpa.com
dcollins@bbellpa.com
mrelihan@bbellpa.com
Attorneys for Defendants
Secondary email addresses:
eservice@bbellpa.com
scordray@bbellpa.com

4

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

RACHEL H. SHIPMAN,

       Plaintiff,                      CASE NO.:   17-CA-003806

v.

CP SANIBEL, LLC d/b/a
SANIBEL HARBOUR MARRIOTT
RESORT & SPA,

       Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PROCUTION

Defendant, CP Sanibel, LLC d/b/a Sanibel Harbour Marriott Resort & Spa, by and through undersigned counsel, pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby responds to the Plaintiff, Rachel H. Shipman's, Requests for Production, and states as follows:

1.     Any photographs, videos, and/or films concerning the issues of liability or damages in the subject action.

**ANSWER:**   Objection, this request seeks information protected by the work product privilege.  A privilege log will be produced.

2.     A copy of all statement obtained from Plaintiff concerning the issues raised in Plaintiff's Complaint.

**ANSWER:**   None.

3.     A copy of all statement obtained from any other witness with knowledge of the issues raised in Plaintiffs Complaint.

**ANSWER:**   Objection, this request seeks information protected by the work product privilege.  A privilege log will be produced.

4.     A copy of all incident and/or accident reports relevant to Plaintiffs alleged slip and fall that is the subject of this lawsuit.

**ANSWER:**  Objection, this request seeks information protected by the work product privilege. A privilege log will be produced.

5.     A copy of all incident and/or accident reports regarding slips and/or falls on the tile floor under the recessed area of the pool deck on Defendant's subject property from 2011 to the date of the subject alleged incident.

**ANSWER:**  Objection, this request seeks information protected by the work product privilege. A privilege log will be produced.

6.     A copy of all incident and/or accident reports regarding slips and/or falls on the tile floor under the recessed area of the pool deck on Defendant's subject property from the date of the subject alleged incident to present.

**ANSWER:**  Other than the report subject to this matter, none.

7.     Copies of all letters, notices, reports, or complaints regarding slips and/or falls on the tile floor under the recessed area of the pool deck on Defendant's subject property from 2011 to the date of the subject alleged incident.

**ANSWER:**  Objection, this request is overly broad and vague with regard to the terms "letters, notices, reports, or complaints."

8.     Copies of all letters, notices, reports, or complaints regarding slips and/or falls on the tile floor under the recessed area of the pool deck on Defendant 's subject property from the date of the subject alleged incident to present.

**ANSWER:**  Other than any documents related to this matter, none.

2

9.      Copies of all correspondence from any attorneys regarding any slips and/or falls on the tile floor under the recessed area of the pool deck on Defendant's subject property from 2011 to the date of the subject alleged incident.

**ANSWER:**    None.

10.     Copies of all correspondence from any attorneys regarding any slips and/or falls on the tile floor under the recessed area of the pool deck on Defendant's subject property from the date of the subject alleged incident to present.

**ANSWER:**    Other than correspondence related to this matter, none.

11.     Copies of all insurance policies in force on the date of Plaintiffs injuries.

**ANSWER:**    Objection, this request is overly broad.  Without waiving said objection, a copy of the applicable liability insurance policy related to this matter, with information related to premiums redacted, will be prodcued.

12.     Copies of all surveillance videos of the Plaintiff.

**ANSWER:**    None.

13.     Copies of all leases concerning Defendant's premises which are the subject matter of this lawsuit in force on the date of Plaintiffs injury.

**ANSWER:**    Objection, this request is vague, overly broad and not likely to lead to the discovery of admissible evidence.

14.     Copies of all contracts Defendant may have with any other company or individual concerning the maintenance or cleaning of the tile floor under the recessed area of the pool deck on Defendant's premises which is the subject of this lawsuit in force on the date of Plaintiff's injury.

**ANSWER:**    Objection, this request seeks information not relevant and not likely to lead to the discovery of admissible evidence.  Section 768.0755, Fla. Stat., has abrogated the negligent

3

mode of operation theory under Florida law.  *See* <u>Pembroke Lakes Mall, Ltd. V. McGruder</u>, 137 So.3d 418 (Fla. 4th DCA 2014).

15.   Copies of all documents relevant to Defendant's and/or Defendant's agents' mode of operation or policy(ics) for dealing with inspection, cleaning, warning, and/or safety measures for transitory objects or substances located on the tile floor under the recessed area of the pool deck on Defendant's premises that are the subject of this lawsuit, in effect on the date of Plaintiffs injury.

**ANSWER:**   Objection, this request seeks information not relevant and not likely to lead to the discovery of admissible evidence.  Section 768.0755, Fla. Stat., has abrogated the negligent mode of operation theory under Florida law.  *See* <u>Pembroke Lakes Mall, Ltd. V. McGruder</u>, 137 So.3d 418 (Fla. 4th DCA 2014).

16.   Copies of all documents relevant to Defendant's and/or Defendant's agents' mode of operation or policy(ies) for cleaning spills or water on the tile floor under the recessed area of the pool deck at the subject premises, in effect on the date of Plaintiffs injury.

**ANSWER:**   Objection, this request seeks information not relevant and not likely to lead to the discovery of admissible evidence.  Section 768.0755, Fla. Stat., has abrogated the negligent mode of operation theory under Florida law.  *See* <u>Pembroke Lakes Mall, Ltd. V. McGruder</u>, 137 So.3d 418 (Fla. 4th DCA 2014).

17.   Copies of all documents relevant to Defendant's and/or Defendant's agents' mode of operation or policy(ies) for cleaning the tile floor under the recessed area of the pool deck at the subject premises, in effect on the date of Plaintiff's injury.

**ANSWER:**   Objection, this request seeks information not relevant and not likely to lead to the discovery of admissible evidence.  Section 768.0755, Fla. Stat., has abrogated the negligent

4

mode of operation theory under Florida law. *See* <u>Pembroke Lakes Mall, Ltd. V. McGruder</u>, 137 So.3d 418 (Fla. 4th DCA 2014).

18.     Copies of all documents concerning any modifications, alterations, maintenance, testing or inspections performed on the tile floor under the recessed area of the pool deck on Defendant's subject property from the date of the subject alleged incident to present.

**ANSWER:**   None.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the E-Portal system, which will send a notice of electronic filing to Christopher Smith, Esq. (<u>csmith@gbclaw.com</u>), Goldstein, Buckley, Cechman, Rice & Purt, PO Box 2366, Fort Myers, Fl. 33902-2366, on this 19th day of January, 2018.

<u>/s/ Douglas J. Collins, Esq.</u>_____
**BRADLEY S. BELL, ESQ.**
Florida Bar No.: 184306
**DOUGLAS J. COLLINS, ESQ.**
Florida Bar No.: 25838
**MICHAEL T. RELIHAN, ESQ.**
Florida Bar No.: 0226053
**BELL LAW GROUP, P.A.**
407 N. Howard Ave.
Suite 201
Tampa, FL 33606
(813) 867-4522 (Telephone)
(813) 867-4542 (Facsimile)
<u>bbell@bbellpa.com</u>
<u>dcollins@bbellpa.com</u>
<u>mrelihan@bbellpa.com</u>
Attorneys for Defendants
Secondary email addresses:
<u>eservice@bbellpa.com</u>
<u>scordray@bbellpa.com</u>

5

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

RACHEL H. SHIPMAN,

      Plaintiff,                      CASE NO.:   17-CA-003806

v.

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

      Defendant.

_____/

**DEFENDANT'S NOTICE OF SERVICE OF**
**VERIFIED ANSWERS TO PLAINTIFF'S INTERROGTORIES**

      Defendant, COLUMBIA SUSSEX CORPORATION d/b/a SANIBEL HARBOUR

MARRIOTT RESORT & SPA CAPTIVA TOWER, by and through undersigned counsel,

pursuant to Rule 1.340, Florida Rules of Civil Procedure, hereby gives notice of serving his

Verified Answers to Plaintiff's, RACHEL H. SHIPMAN, Interrogatories this 19th day of January,

2018.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the E-Portal system, which will send a notice of electronic filing to Christopher Smith, Esq. (csmith@gbclaw.com), Goldstein, Buckley, Cechman, Rice & Purt, PO Box 2366, Fort Myers, Fl. 33902-2366, on this 19th day of January, 2018.

Douglas J. Collins, Esq.
**BRADLEY S. BELL, ESQ.**
Florida Bar No.: 184306
**DOUGLAS J. COLLINS, ESQ.**
Florida Bar No.: 25838
**MICHAEL T. RELIHAN, ESQ.**
Florida Bar No.: 0226053
**BELL LAW GROUP, P.A.**
407 N. Howard Ave.
Suite 201
Tampa, FL 33606
(813) 867-4522 (Telephone)
(813) 867-4542 (Facsimile)
bbell@bbellpa.com
dcollins@bbellpa.com
mrelihan@bbellpa.com
Attorneys for Defendants
Secondary email addresses:
eservice@bbellpa.com
scordray@bbellpa.com

2

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

RACHEL H. SHIPMAN,

     Plaintiff,

                              CASE NO. 17-CA-3806

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

     Defendant.

_____/

### PLAINTIFF'S REPLY TO DEFENDANT'S AFFIRMATIVE DEFENSES

COMES NOW the Plaintiff, RACHEL H. SHIPMAN, by and through the undersigned

attorneys, and files this reply denying each and every affirmative defense set forth by the

Defendant, COLUMBIA SUSSEX CORPORATION d/b/a SANIBEL HARBOUR MARRIOTT

RESORT & SPA CAPTIVA TOWER, and demands that the Defendant provide strict proof

thereof.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via

Electronic mail to:  Douglas J. Collins, Esquire, BELL LAW GROUP, at bbell@bbellpa.com;

dcollins@bbellpa.com; eservice@bbellpa.com; and scordray@bbellpa.com; on this 23rd day of

January, 2018.

                              GOLDSTEIN, BUCKLEY,
                              CECHMAN, RICE & PURTZ, P.A.
                              Attorneys for Plaintiff
                              Post Office Box 2366
                              Fort Myers, FL 33902-2366
                              (239) 334-1146

                              By: /s/ CHRISTOPHER J. SMITH
                                CHRISTOPHER J. SMITH
                                Florida Bar No. 46260

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

RACHEL H. SHIPMAN,
     Plaintiff,

CASE NO. 17-CA-3806

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

     Defendant.

_____/

## PLAINTIFF'S DESIGNATION OF E-MAIL ADDRESSES

Pursuant to *Fla. R. Jud. Adm.* 2.516(b)(1)(A), the undersigned counsel, attorney for Plaintiff, RACHEL H. SHIPMAN, hereby designates the following e-mail addresses to be used for service of all court papers in this action:

Primary E-Mail Address:          cjs@gbclaw.com

Secondary E-Mail Address:     jms@gbclaw.com

Third E-Mail Address:        axp@gbclaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided via

Electronic mail to:  Douglas J. Collins, Esquire, BELL LAW GROUP, at bbell@bbellpa.com;

dcollins@bbellpa.com; eservice@bbellpa.com; and scordray@bbellpa.com; on this 23rd day of

January, 2018.

GOLDSTEIN, BUCKLEY,
CECHMAN, RICE & PURTZ, P.A.
Attorneys for Plaintiff
Post Office Box 2366
Fort Myers, FL 33902-2366
(239) 334-1146

By: */s/ CHRISTOPHER J. SMITH*
    CHRISTOPHER J. SMITH
    Florida Bar No. 46260

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

RACHEL H. SHIPMAN,
     Plaintiff,

CASE NO. 17-CA-3806

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

     Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## REQUEST FOR ADMISSIONS

COMES NOW the Plaintiff, RACHEL H. SHIPMAN, by and through the undersigned attorneys, and in Response to Request for Admissions filed by Defendant, states as follows:

1. Plaintiff seeks damages in this matter in excess of $75,000.

**Response:**     **Admitted.**

2. Plaintiff is a citizen of the State of Florida.

**Response:**     **Admitted.**

3. Plaintiff is not a citizen of the State of Delaware.

**Response:**     **Admitted.**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail to: Douglas J. Collins, Esquire, BELL LAW GROUP, at bbell@bbellpa.com; dcollins@bbellpa.com; eservice@bbellpa.com; and scordray@bbellpa.com; on this 1st day of February, 2018.

GOLDSTEIN, BUCKLEY, CECHMAN,
RICE & PURTZ, P.A.
Attorneys for Plaintiff
Post Office Box 2366
Fort Myers, Florida 33902-2366
(239) 334-1146

By:_____
     CHRISTOPHER J. SMITH
     Florida Bar No. 0046260

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

RACHEL H. SHIPMAN,
       Plaintiff,

                                         CASE NO. 17-CA-3806

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

       Defendant.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST TO PRODUCE

Plaintiff, RACHEL H. SHIPMAN, by and through the undersigned attorney, and in

response to Defendant's Request for Production, would state:

1. All documents that support your claim for damages in this matter.

**Response:** **Copies of the Plaintiff's medical records due to the subject incident are attached. Two color photographs of the Plaintiff after surgery due to the subject incident are also attached. Three color photographs of the shoes the Plaintiff was wearing at the time of the subject incident are attached. Four color photographs taken the day after the subject incident are attached. Additionally, twenty-two color photographs of the scene of the subject accident taken by Investigator Dennis White are attached.**

2. All documents evidencing any demands made by or on your behalf in this matter.

**Response:** **A copy of the demand letter sent to Gallagher Bassett Services is attached.**

3. All bills, invoices and/or charges of items of special damages claimed by you to be recoverable in this matter.

**Response:** **None other than those produced in response to Request to Produce #4.**

4. All invoices, bills and statements of any doctor, physician or practitioner of the healing arts who has rendered treatment to the Plaintiff for injuries incurred as a result of the incident described in the Complaint.

**Response:** **Copies of the Plaintiff's medical bills due to the subject incident are attached.**

5.  All documents identified in Plaintiff's answers to Defendants' First Interrogatories to Plaintiff.

**Response:**      **A copy of the Plaintiff's medical expense summary is attached.**

6.  All documents reflecting your current state of residency.

**Response:**      **A copy of the Plaintiff's Florida driver's license is attached in response to Request to Produce #7.**

7.  A copy of your driver's license or state-issued identification card.

**Response:**      **A copy of the Plaintiff's driver's license is attached.**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail to:  Douglas J. Collins, Esquire, BELL LAW GROUP, at bbell@bbellpa.com; dcollins@bbellpa.com; eservice@bbellpa.com; and scordray@bbellpa.com; on this ___1st___ day of February, 2018.

> GOLDSTEIN, BUCKLEY, CECHMAN,
> RICE & PURTZ, P.A.
> Attorneys for Plaintiff
> Post Office Box 2366
> Fort Myers, Florida  33902-2366
> (239) 334-1146
>
> By:/s/CHRISTOPHER J. SMITH
>      CHRISTOPHER J. SMITH
>      Florida Bar No. 0046260

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

RACHEL H. SHIPMAN,
    Plaintiff,

CASE NO. 17-CA-3806

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

    Defendant.
_____/

## PLAINTIFF'S NOTICE OF SERVICE OF ANSWERS
## TO DEFENDANT'S INTERROGATORIES

NOTICE IS HEREBY GIVEN that the Interrogatories propounded by the Defendant dated January 8, 2018, have been answered by the Plaintiff, RACHEL H. SHIPMAN, and a true and correct copy of the foregoing has been furnished by electronic mail to: Douglas J. Collins, Esquire, BELL LAW GROUP, at bbell@bbellpa.com; dcollins@bbellpa.com; eservice@bbellpa.com; and scordray@bbellpa.com; on this 1st day of February, 2018.

GOLDSTEIN, BUCKLEY, CECHMAN,
RICE & PURTZ, P.A.
Attorneys for Plaintiff
Post Office Box 2366
Fort Myers, Florida 33902-2366
(239) 334-1146

By:_____
    CHRISTOPHER J. SMITH
    Florida Bar No. 0046260

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

RACHEL H. SHIPMAN,
     Plaintiff,

                                    CASE NO. 17-CA-3806

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

     Defendant.
_____/

## PLAINTIFF'S NOTICE OF NON-OBJECTION
## AND REQUEST FOR COPIES

COMES NOW the Plaintiff, RACHEL H. SHIPMAN, by and through the undersigned attorney and hereby files this Notice of Non-Objection and Request for Copies in response to the Defendant, COLUMBIA SUSSEX CORPORATION d/b/a SANIBEL HARBOUR MARRIOTT RESORT & SPA CAPTIVA TOWER's, Notice of Production from Non-Party dated January 10, 2018, and directed to the following:

1.    Wal-Mart Pharmacy
2.    Walgreen's Pharmacy
3.    CVS Pharmacy
4.    Publix Pharmacy
5.    Lee County EMS
6.    Gulf Coast Medical Center
7.    Mount Sinai Medical Center
8.    Sheridan Medical Center
9.    North Beach Physical Therapy
10.    SW Florida Emergency Physicians
11.    Lee Memorial Hospital
12.    Lee Physicians Group
13.    RX Regional
14.    Medicare
15.    Kagan, Jugan and Associates
16.    Jerry Sher, M.D.
17.    George Diaz, M.D.
18.    Surgery Center of Aventura
19.    Sheridan Anesthesia
20.    Elite Home Care
21.    Elite Imaging
22.    Andrea Schein, M.D.
23.    Mount Sinai Physical Therapy

24.    Bankers Life Insurance
25.    Miami Shores Village
26.    Aventura Yacht & Spa


     I HEREBY CERTIFY that a true and correct copy of the foregoing was provided

via Electronic mail to:  Douglas J. Collins, Esquire, BELL LAW GROUP, at bbell@bbellpa.com;

dcollins@bbellpa.com; eservice@bbellpa.com; and scordray@bbellpa.com; on this 6th day of

February, 2018.


                    GOLDSTEIN, BUCKLEY, CECHMAN,
                    RICE & PURTZ, P.A.
                    Attorneys for Plaintiff
                    Post Office Box 2366
                    Fort Myers, Florida  33902-2366
                    (239) 334-1146


                    By: */s/ CHRISTOPHER J. SMITH*
                      CHRISTOPHER J. SMITH
                      Florida Bar No. 0046260

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

RACHEL H. SHIPMAN,

       Plaintiff,                     CASE NO.:   17-CA-003806

v.

COLUMBIA SUSSEX CORPORATION
d/b/a SANIBEL HARBOUR MARRIOTT
RESORT & SPA CAPTIVA TOWER,

       Defendant.

_____/

## **DEFENDANT'S SECOND NOTICE OF PRODUCTION FROM NON-PARTY**

     PLEASE TAKE NOTICE that after fifteen (15) days from the date of service of this notice, the undersigned will issue the attached Subpoena on behalf of the Clerk of this Court directed to the following person named below, said person not being a party to this action. Said person is requested to produce the items listed on the attached Subpoena at the time and place specified therein:

- University of Miami Health/Frank Eismont, MD
- University of Miami Orthopedics/Raymond Robinson, MD
- Harris Goldberg, MD
- Orthopedic Associates of South Broward/Steven Steinlauf, MD
- Arthritis & Rheumatic Disease Specialists/Norman Gaylis, MD/Jigar Shah, MD
- Mount Sinai Department of Rheumatology
- Robert Goldberg, MD
- Bankers Life & Casualty Company
- UNUM Insurance Company
- Asthma & Allergy Associates of Florida/Yorem Padeh, MD
- Physicians Group of South Florida/Alan Kutner, MD
- Centre for Counseling of Aventura/Lee Pravder, MD
- Ariel Zisman, MD
- Charles Yanes, MD
- Berkower Pain & Spine Rehab/David Berkower, MD
- Joseph Gjolaj, MD
- Miami Beach Counseling Associates/Carol Weingrod, MD
- Spine Care Institute of Miami Beach/Dan Cohen, MD
- Alan Foster, MD
- AETNA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing was electronically filed

with the Clerk of the Court by using the E-Portal system, which will send a notice of electronic

filing to Christopher Smith, Esq. (csmith@gbclaw.com), Goldstein, Buckley, Cechman, Rice &

Purt, PO Box 2366, Fort Myers, Fl. 33902-2366, on this 9th day of February, 2018.


Douglas J. Collins, Esq.
**BRADLEY S. BELL, ESQ.**
Florida Bar No.: 184306
**DOUGLAS J. COLLINS, ESQ.**
Florida Bar No.: 25838
**MICHAEL T. RELIHAN, ESQ.**
Florida Bar No.: 0226053
**BELL LAW GROUP, P.A.**
407 N. Howard Ave.
Suite 201
Tampa, FL 33606
(813) 867-4522 (Telephone)
(813) 867-4542 (Facsimile)
bbell@bbellpa.com
dcollins@bbellpa.com
mrelihan@bbellpa.com
Attorneys for Defendants
Secondary email addresses:
eservice@bbellpa.com
scordray@bbellpa.com