UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RACHEL H. SHIPMAN,

    Plaintiff,

v.                        Case No: 2:18-cv-139-FtM-29UAM

CP SANIBEL, LLC,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on the defendant's Motion for Summary Judgment (Doc. #33) filed on April 1, 2019. Plaintiff filed a Response (Doc. #35) on April 8, 2019, and defendant filed a Reply (Doc. #39) on April 29, 2019. For the reasons set forth below, the motion is denied.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A

court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**II.**

On March 2, 2018, plaintiff Rachel H. Shipman (Plaintiff) filed a single-count First Amended Complaint against defendant CP Sanibel, LLC (Defendant).[1]  The First Amended Complaint asserts a negligence claim against Defendant based upon an incident where Plaintiff slipped and fell while on Defendant's property.

The undisputed facts are as follows: Defendant owns and operates the Sanibel Harbour Marriott Resort & Spa (the Resort). (Doc. #33, ¶ 1; Doc. #2, ¶¶ 1-3.)  On June 22, 2016, plaintiff Rachel H. Shipman (Plaintiff) was at the Resort to teach classes in an "Aquatic Therapy and Rehab Institute Symposium" (the Symposium).  (Doc. #33, ¶ 2; Doc. #33-1, p. 34.)  As a Symposium instructor, Plaintiff taught classes at a pool located on the Resort property.  (Doc. #33-1, p. 34.)  Adjacent to the pool is an outdoor, covered area (the Lounge), which can be described as an "outside lobby area" or an "open-air lounge."  (Doc. #33, ¶¶ 3-4; Doc. #35, p. 3.)  The Lounge has tiled floor, and there are sofas and chairs in the Lounge where guests can congregate.  (Doc. #33-4, p. 14; Doc. #35, p. 2.)

---

[1] Plaintiff initially filed the First Amended Complaint in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County Florida.  (Doc. #2.)  Defendant has since removed the First Amended Complaint to this Court on the basis of diversity jurisdiction.  (Doc. #1.)

On June 22, 2016, after the conclusion of a Symposium class in the pool, Plaintiff remained near the pool and conversed with a Symposium participant, while other class participants exited the pool and gathered in the Lounge. (Doc. #33, ¶ 12; Doc. #33-1, pp. 74-75.) Plaintiff eventually entered the Lounge area, where Plaintiff slipped and fell on water that had accumulated on the Lounge tile floor. (Doc. #33, ¶¶ 13-15; Doc. #35, p. 3.) Plaintiff did not recall seeing water on the floor when she was in the Lounge before her Symposium class, and "[n]o rain . . . was observed in the hours preceding the incident." (Doc. #33, ¶¶ 8-9; Doc. #33-1, p. 84.)

There is a permanent sign at the entrance to the Lounge, which states, "Please towel off before walking on tile." (Doc. #33-4, pp. 13-14; Doc. #35, p. 8.) That sign was present on the day Plaintiff fell. (Id.) Ricardo Coca (Mr. Coca), the Resort's front office supervisor on the day of the incident, responded to the scene after Plaintiff fell. (Doc. #33-4, p. 10; Doc. #35, p. 6.) Mr. Coca testified at deposition that there is a "wet floor" sign in the Lounge "almost every time . . . [t]o warn guests that the floor might be wet." (Doc. #33-4, pp. 11-12; Doc. #35, p. 7.) When asked at deposition whether the "wet floor" sign is also displayed to warn guests that the Lounge tile "might be slippery when wet," Mr. Coca responded by stating, "Yes." (Doc. #33-4, p. 13; Doc. #35, p. 7.) Mr. Coca further testified that the "wet

4

floor" sign was not present on the day Plaintiff fell in the Lounge. (Doc. #33-4, p. 12.)

Defendant retained David A. Roberts (Mr. Roberts), a "civil/structural engineer," to conduct a "slip resistance evaluation" of the Lounge tile. (Doc. #33-3.) Mr. Roberts concluded in his report that the Lounge tile is "not . . . a non-slip surface and/or slip-resistant surface in the wet condition," but that the Lounge tile "would not be inherently dangerous (in the wet condition)." (Id. p. 5.)

**III.**

Defendant now moves for summary judgment on Plaintiff's negligence claim. Defendant argues it is entitled to summary judgment because the undisputed facts demonstrate that (1) Defendant had no knowledge of the alleged dangerous condition on its property; (2) Defendant did not breach its duty to maintain its premises in a reasonably safe condition; and (3) the alleged dangerous condition on Defendant's property was open and obvious to Plaintiff. The Court will address each point in turn below.

**A. Negligence Principles under Florida Law**

Under Florida law, a negligence action is comprised of four elements: (1) a duty owed by the defendant to the plaintiff; (2) breach of that duty; (3) a causal connection between defendant's breach and plaintiff's injury; and (4) damages. Clay Elec. Co-

5

op., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003).[2] In the premises liability context, a business owner owes two duties to its business invitees[3]: "(1) a duty to warn of perils that were known or should have been known to the owner and which the invitee could not discover; and (2) a duty to take ordinary care to keep its premises reasonably safe." Denson v. SM-Planters Walk Apartments, 183 So. 3d 1048, 1050 (Fla. 1st DCA 2015).

To establish the breach element in a premises liability action where a plaintiff falls on a transitory foreign substance in a business establishment, the plaintiff must prove:

> that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or

---

[2] This analysis is governed by Florida law because "a federal court sitting in diversity jurisdiction applies the substantive law of the forum state . . . ." Tech. Coating Applicators, Inc. v. U.S. Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998).

[3] Plaintiff was a business invitee while on Defendant's premises. See Smith v. Dade Cty./Seaport Dep't, 785 So. 2d 1250, 1251 (Fla. 3d DCA 2001)(A business invitee "is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealing [of] the possessor of the land. (quotation and citations omitted)).

(b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755.

To survive a motion for summary judgment in a premises liability action:

> a plaintiff must show sufficient facts, taken as true, to create a genuine issue of material fact that the party in control of the premises owed a duty of reasonable care to the plaintiff; that the defendant breached the duty of care (and had actual or constructive knowledge of the existence of the breach or dangerous condition when moving under section 768.0755); and that the defendant's breach was the legal cause of the plaintiff's injuries or damages.

Feris v. Club Country of Fort Walton Beach, Inc., 138 So. 3d 531, 534 (Fla. 1st DCA 2014). Thus, a plaintiff may not avoid summary judgment based upon "the mere happening of [the] accident alone." Cooper Hotel Servs., Inc. v. MacFarland, 662 So. 2d 710, 712 (Fla. 2d DCA 1995).

**B. Whether Defendant had Knowledge of the Alleged Dangerous Condition**

Defendant asserts the undisputed facts demonstrate that it had no knowledge of the alleged dangerous condition on its property. The Court disagrees.

Under Florida law, constructive knowledge of a dangerous condition may be inferred in a slip-and-fall case by either (1) "the amount of time a substance has been on the floor" or (2) "the fact that the condition occurred with such frequency that the owner

7

should have known of its existence." Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011). As to this issue, a genuine issue of material fact exists when "[t]he evidence . . . together with all reasonable inferences [] could support a finding that" Defendant had "constructive [knowledge] of the substance on the floor of the [Lounge]." Thompson v. Poinciana Place Condo. Ass'n, Inc., 729 So. 2d 457, 458 (Fla. 4th DCA 1999).

Here, it is undisputed that there is a permanent sign at the entrance to Lounge from the pool area, which states, "Please towel off before walking on tile." (Doc. #33-4, pp. 13-14; Doc. #35, p. 8.) In addition, it is undisputed that Mr. Coca testified that "almost every time" there is a "wet floor" sign in the Lounge "[t]o warn guests that the floor might be wet" and slippery. (Doc. #33-4, pp. 11-12; Doc. #35, p. 7.) It is further undisputed that Mr. Coca testified that the "wet floor" sign was not present on the day that Plaintiff slipped and feel in the Lounge. (Doc. #33-4, p. 12.) In light of this evidence, the Court finds there is an issue of material fact as to whether Defendant had constructive knowledge of the water on the Lounge tile, because the evidence in this case could support an inference that water on the Lounge floor "occurred with such frequency that [Defendant] should have known of its existence." Delgado, 65 So. 3d at 1090; Thompson, 729 So. 2d at 458.

**C. Whether Mr. Roberts' Report Establishes that Defendant Maintained its Premises in a Reasonably Safe Condition**

Defendant agues it satisfied its duty to maintain its premises in a reasonably safe condition because, according to Mr. Roberts' report, the Lounge tile "would not be inherently dangerous (in the wet condition)." (Doc. #33-3, p. 5.) The Court disagrees.

While Mr. Roberts did indeed conclude that the Lounge tile would not be "inherently dangerous" when wet, Mr. Roberts also concluded that the Lounge tile is not "a non-slip surface and/or slip-resistant surface in the wet condition." (Id.) Because the Lounge tile, which is not slip-resistant in the wet condition, was located adjacent to the pool, where Plaintiff and other guests congregated after exiting the pool, a jury could reasonably conclude that Defendant breached its duty to maintain its premises in reasonably safe condition by placing such tile in the Lounge area. See Lombard v. Exec. Elevator Serv., Inc., 545 So. 2d 453, 455 (Fla. 3d DCA 1989)(noting that "summary judgment . . . should be applied with special caution in negligence actions where the showing of negligence is dependent on expert testimony (citation omitted)); see also Slaats v. Sandy Lane Residential, LLC, 59 So. 3d 320, 321 (Fla. 3d DCA 2011)(As a general principle under Florida law, summary judgment is inappropriate "[i]n premises liability actions [] where . . . differing inferences from the facts exist." (citations omitted)).

**D. Whether the Alleged Dangerous Condition in the Lounge was Open and Obvious**

Defendant lastly argues that, assuming the water on the Lounge tile constitutes a dangerous condition, that dangerous condition was open and obvious to Plaintiff. The Court disagrees.

Under Florida law, the obvious danger doctrine provides that a landowner "is not liable for injuries to an invitee caused by a dangerous condition on the premises when the danger is known or obvious to the injured party . . . ." <u>Aaron v. Palatka Mall, L.L.C.</u>, 908 So. 2d 574, 576 (Fla. 5th DCA 2005)(citation omitted). However, this protection does not extend to situations where the landowner "should anticipate the harm despite the fact that the dangerous condition is open and obvious." <u>Id.</u> To determine whether the obvious danger doctrine applies, a court must "consider all of the facts and circumstances surrounding the accident and the alleged dangerous condition." <u>TruGreen LandCare, LLC v. LaCapra</u>, 254 So. 3d 628, 631 (Fla. 5th DCA 2018).

Here, Plaintiff has submitted evidence that Defendant ordinarily displays a "wet floor" sign in the Lounge, but did not have that sign on display the day that Plaintiff slipped and fell. Thus, even assuming the alleged dangerous condition in the Lounge was open and obvious to Plaintiff, there is an issue of material fact as to whether Defendant should have warned Plaintiff of the condition in the Lounge, because the evidence could reasonably be

10

interpreted to support a finding that Defendant should have anticipated the danger that water on the Lounge tile poses. Aaron, 908 So. 2d at 576. Further, and related to the analysis of Mr. Roberts' conclusions discussed *supra*, this creates an issue of material fact as to whether Defendant breached its duty to maintain its premises in a reasonably safe condition by placing the Lounge tile, which is not slip-resistant in the wet condition, in an area adjacent to the pool. De Cruz-Haymer v. Festival Food Mkt., Inc., 117 So. 3d 885, 888 (Fla. 4th DCA 2013)(When a plaintiff alleges that a landowner failed "to keep the premises in a reasonably safe condition, an issue of fact is generally raised as to whether [the landowner] . . . should have anticipated that the dangerous condition would cause injury despite the fact it was open and obvious." (citation and quotation omitted)); Fenster v. Publix Supermarkets, Inc., 785 So. 2d 737, 739 (Fla. 4th DCA 2001)("A plaintiff's knowledge of a dangerous condition . . . raises the issue of comparative negligence and precludes summary judgment." (citation omitted)).

For the foregoing reasons, the Court finds that genuine issues of material fact preclude the entry of summary judgment. Defendant's motion is therefore denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Summary Judgment (Doc. #33) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of May, 2019.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record